**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4468**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

EDUARDO ZAVALA-LOPEZ, a/k/a Eduardo Zavala,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (3:09-cr-00390-CMC-9)

———————

Submitted:  April 15, 2011            Decided:  April 29, 2011

———————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael Chesser, Aiken, South Carolina, for Appellant.   Julius Ness Richardson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Eduardo Zavala-Lopez was convicted of conspiracy to possess with the intent to distribute and distribute cocaine, methamphetamine, and a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006); aiding and abetting in a drug conspiracy, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (2006); and illegal entry into the United States, in violation of 8 U.S.C. § 1325(a)(2) (2006). Zavala-Lopez timely appealed.

Zavala-Lopez's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal, but questioning the trial court's admission into evidence of a cell phone taken from Zavala-Lopez's person during a search. Zavala-Lopez filed a pro se supplemental brief alleging a violation of his Confrontation Clause rights; questioning whether sufficient evidence supported the district court's drug quantity calculation; and questioning the reasonableness of his sentence. The Government has declined to file a brief. Because we find no meritorious grounds for appeal, we affirm.

First, Zavala-Lopez questions whether the Government adequately proved the chain of custody of the cell phone admitted into evidence at his trial. This court reviews

2

challenges to the district court's admission of evidence over an objection to the chain of custody for an abuse of discretion. United States v. Jones, 356 F.3d 529, 535 (4th Cir. 2004). The Federal Rules of Evidence "require[] that a party introducing evidence establish the authenticity of its evidence by demonstrating that 'the matter in question is what its proponent claims.'" Jones, 356 F.3d at 535 (quoting Fed. R. Evid. 901(a)). Thus, the Government must demonstrate a sufficient chain of custody for the evidence. Id. To do so, "the [G]overnment must . . . establish that the item to be introduced is what it purports to be so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." Id. (internal quotation marks, alterations, and citation omitted).

Here, the Government asserted that the cell phone admitted into evidence was the same cell phone that was seized from Zavala-Lopez's person at the time of his arrest. In support of that proposition, the Government presented testimony from the arresting officer, who searched Zavala-Lopez, recovered the phone, placed the cell phone in a self-sealing evidence bag, sealed the bag, and then placed it inside the trunk of his vehicle. The Government also presented evidence from the booking officer who took the bag, which he received when Zavala-Lopez arrived at the station accompanied by the arresting

officer. The booking officer opened the bag, identified it as coming in with Zavala-Lopez, and entered the evidence it contained — including the cell phone — onto an evidence log sheet. The booking officer then placed the resealed bag into the locked evidence locker. We conclude this testimony adequately established the chain of custody.

Next, Zavala-Lopez alleges in his pro se supplemental brief, the district court committed Crawford[*] error when it admitted the testimony of law enforcement officers as to statements Zavala-Lopez made during his interrogation. This allegation is without merit, as the officers' testimony indicates they were the officers who interviewed Zavala-Lopez and defense counsel thoroughly cross-examined the officers.

Zavala-Lopez also argues the district court lacked sufficient evidence for its drug quantity computation. We review a drug quantity finding for clear error. United States v. Kellam, 568 F.3d 125, 147 (4th Cir. 2009). Under the clear error standard of review, this Court will reverse only if "left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d 557, 570 (4th Cir. 2009) (internal quotation marks and citation omitted). At sentencing, the Government need only establish the amount of

---

[*] Crawford v. Washington, 541 U.S. 36 (2004).

4

drugs involved by a preponderance of the evidence. United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir. 2008). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." USSG § 2D1.1, cmt. n.12.

The district court did not err in determining the drug quantity attributable to Zavala-Lopez. At trial, the interviewing officers testified Zavala-Lopez described regularly bringing a quarter of a kilogram of cocaine from Atlanta, Georgia, to Columbia, South Carolina, to sell during the six months prior to his arrest. Zavala-Lopez told law enforcement "that 20 times was a safe estimate" of the number of times he had brought drugs to Columbia and sold them. Accordingly, the district court determined the drug quantity in this case by multiplying 250 grams by 20 and concluding Zavala-Lopez was responsible for 5,000 grams of cocaine. This conclusion was adequately supported by the evidence.

Finally, we conclude Zavala-Lopez's sentence was reasonable. This court reviews a district court's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the Guidelines range; (2) determine whether a sentence within that

range serves the factors set out in 18 U.S.C. § 3553(a) (2006); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. <u>Pauley</u>, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see also</u> <u>Rita v. United States</u>, 551 U.S. 338, 347-56 (2007) (permitting presumption of reasonableness for a within-Guidelines sentence).

Here, the district court followed the necessary procedural steps in sentencing Zavala-Lopez. It properly calculated the Guidelines range, considered the § 3553(a) factors, applied those factors to Zavala-Lopez's individual situation, and adequately communicated the basis for the sentence to Zavala-Lopez. Hence, we determine that the sentence imposed by the district court was reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Zavala-Lopez, in writing, of the right to petition the Supreme Court of the United States for further review. If Zavala-Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

6

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Zavala-Lopez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED